UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| SHANNON JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GINGER MADDEN, IN HER OFFICIAL ) <br> CAPACITY AS STATE'S ATTORNEY, FLA ) <br> FIRST JUDICIAL CIRCUIT ) <br> ) <br> Defendant. ) <br> / | CASE NO.: |

## COMPLAINT

COMES NOW, the Plaintiff, Shannon Johnson (Plaintiff), by and through the undersigned counsel, and sues GINGER MADDEN, IN HER OFFICIAL CAPACITY AS STATE'S ATTORNEY, FLORIDA FIRST JUDICIAL CIRCUIT (Defendant) and alleges:

## JURISDICTION AND VENUE

1. This is an action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., damages are in excess of $35,000.00, exclusive of interest, costs, and attorneys' fees.

2. This Court has the authority to issue declaratory relief, injunctive relief, and other relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2101-2102.

3. Venue is proper in this Court because Plaintiff and Defendant reside in this district and the events giving rise to this action occurred in this district. See 28 U.S.C. § 1391(b)-(c).

4. Plaintiff dual filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) and the Equal Employment Opportunity Commission (EEOC) on or

1

about November 4, 2021. The FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). See Exhibit A.  Plaintiff thereafter requested her 90-day Notice of Right to Sue letter from the EEOC, which was received on June 14, 2022. See Exhibit B.

5. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

## PARTIES

6. Defendant, GINGER MADDEN, is the Elected State's Attorneys for the FLORIDA FIRST JUDICIAL CIRCUIT, a position that is created under Florida law with its principal place of business located at 190 W. Government Street, Pensacola, Florida 32502.  Defendant is being sued in her official capacity.

7. Plaintiff is a resident of Escambia County, Florida, and at all times material herein, was Defendant's employee.

## FACTUAL BACKGROUND

8. Defendant's power and position is authorized under Fla. Const. Art. V, § 17, and Fla. Stat. §§ 27.01-27.385.

9. Defendant's main office is located in Pensacola, Florida, but Defendant also operates offices in Milton, Santa Rosa County, Ft. Walton Beach, Crestview, and Defuniak Springs.

10. At all times material, Defendant was an "employer" under the ADA.

11. At all times material, Defendant employed 15 or more individuals.

12. On or about April 15, 2019, Defendant hired Plaintiff to work as a legal secretary, and Plaintiff began working for Defendant shortly thereafter at Defendant's Milton office.

13. At all times material, Defendant employed at least 50 other employees within a 75-mile radius of Plaintiff's location.

14. At all times material, Plaintiff suffers from a disability which substantially limits one or more major life activities.

15. Plaintiff notified Defendant of her disability multiple times, including when seeking to take leave.

16. Plaintiff initially worked as a "floater," assisting where needed.

17. Generally, Plaintiff worked full time, i.e., 40 or more hours per week, for Defendant.

18. In or about February 2021, Plaintiff began inquiring about getting assigned her own division rather than being a just a floater.

19. As a floater, Plaintiff was dependent upon her supervisors assigning her work since she did not have a dedicated division.

20. In relation to Plaintiff's request for her own division, Plaintiff initiated a conversation with Stacey Mahler, Defendant's Human Resources Director, on or about February 18, 2021.

21. Plaintiff viewed the interaction as positive and was hopeful that she would get her own division.

22. Due to her disability, Plaintiff needed occasional time off for treatment or rest.

23. Prior to March 22, 2021, Plaintiff used her accrued leave time as needed for her disability.

24. On or about March 22, 2021, Plaintiff submitted a request for FMLA paperwork to Ms. Mahler related to her disability.

3

25. Plaintiff completed all documents and Defendant eventually approved her FMLA request on May 14, 2021.

26. Plaintiff had previously notified Ms. Mahler, numerous times, at least as early as Fall 2020, of her disability in conversation and when requesting time off through Defendant's leave policy.

27. In the meantime, prior to March 22, 2021, Plaintiff complied with Defendant's leave policy and was never reprimanded for work performance.

28. Nevertheless, for some reason, on or about March 22, 2021, Defendant's Human Resources Director, Stacey Mahler, a/k/a, Stacey Ramos, placed Plaintiff on a performance improvement plan (PIP) for "excessive absenteeism and abuse of leave" because Plaintiff did not maintain a banked balance of 40 hours of annual and sick leave.

29. However, at the time, Defendant's stated policy was to maintain a minimum of 20 hours of annual leave for unforeseen emergencies or illness, and Plaintiff followed that policy.

30. The PIP required Plaintiff to improve under this never before known attendance policy over 90 days.

31. The PIP also states that "You should also be aware that it is a violation to just call in sick or on vacation when you have no or inadequate leave, just expecting to go on leave without pay (LWOP)."

32. Plaintiff's time records show no instances of LWOP dating back to at least February of 2020.

33. When Plaintiff noted to Ms. Mahler that Defendant had no 40-hour policy requirement, Ms. Mahler acknowledged same, confirming that she was imposing an unwritten and unknown policy upon Plaintiff.

34. That same day, despite supposed attendance issues, Defendant moved Plaintiff to her own division.

35. Despite disagreeing that she violated the attendance policy, Plaintiff readily complied with the PIP, and quickly accumulated enough hours to comply with Ms. Mahler's new policy.

36. Plaintiff continued to work, earning praise from her superiors, Mark Alderman, and Jen Newby, respectively.

37. Then, on or about August 1, 2021, Plaintiff notified her supervisor that her stepson tested positive for COVID, but that he was away at summer camp, so she was not exposed.

38. At the time, Defendant employed robust COVID reporting requirements.

39. Despite reporting that she was not exposed to COVID, Defendant forced Plaintiff to use her accrued leave time to "quarantine."

40. Plaintiff returned to work after being forced to use a week of her leave time.

41. On or about August 27, 2021, Plaintiff became ill and needed to leave work. She eventually tested positive for COVID on August 31, 2021.

42. Thereafter, Plaintiff became severely ill with COVID and was not initially cleared by her doctor to return to work until September 16, 2021.

43. While Plaintiff was out sick, her supervisors contacted her numerous times requesting that Plaintiff complete work at home.

44. However, Plaintiff was severely ill and could not complete work from home.

45. After her doctor cleared her on September 16, 2021, Plaintiff was scheduled to return to work on September 17, 2021, but when she woke up that day, Plaintiff suffered a relapse of symptoms her doctor attributed to COVID, or the lingering effects thereof.

46. Thus, Plaintiff notified her supervisor that she was feeling ill and that she could not return to work until September 20, 2021.

47. On September 20, 2021, Plaintiff returned to work, but she soon became ill and notified her supervisor she needed to leave to seek medical treatment.

48. On or about that day, Plaintiff's doctor advised that she stay home from work for an additional week, and noted her symptoms could be related to COVID and that she had a shingles outbreak.

49. Plaintiff obtained a note from her doctor excusing her from work and she provided the note to Defendant on or about the same day.

50. Then, on or about September 23, 2021, Plaintiff returned to work to request FMLA paperwork from Ms. Mahler since she continued to have health issues.

51. However, Ms. Mahler failed or refused to provide Plaintiff with FMLA paperwork.

52. Thus, Plaintiff attempted to work through her illness in extreme pain and discomfort for approximately two more weeks.

53. However, on or about October 5, 2021, Defendant terminated Plaintiff's employment, citing no reason in its termination letter.

54. Plaintiff has retained the services of an attorney to file this suit, and has incurred attorneys' fees, and costs.

## COUNT I

## ADA VIOLATION- FAILURE TO MAKE REASONABLE ACCOMODATIONS

55. Plaintiff re-alleges paragraphs one (1) through fifty-four (54) above as if fully set forth herein.

56. Plaintiff is and was at all times material hereto, a qualified "individual with a disability" within the meaning of 42 U.S.C. §§ 12201 et. seq.

57. Defendant was at all times material hereto, an employer subject to the ADA. 42 U.S.C. § 12111.

58. Under the ADA, Defendant has a duty to make reasonable accommodations in policies, practices, or procedures in order to avoid discriminating against Plaintiff on the basis of her disability.

59. Plaintiff, with or without a reasonable accommodation, could have performed the essential functions of her position with Defendant.

60. At all times material, Plaintiff notified Defendant, and/or its' agents, representatives, or employees, of her disability.

61. At all times material, Defendant was aware of Plaintiff's disability.

62. Plaintiff requested reasonable accommodations from Defendant, and/or its agents, representatives, or employees, pursuant to the ADA on numerous occasions.

63. Specifically, Plaintiff requested accommodations to Defendant's leave policy.

64. Unfortunately, Defendant failed or refused to provide the requested accommodations.

65. Additionally, Defendant failed or refused to initiate and/or meaningfully participate in the interactive process mandated by ADA in determining a reasonable accommodation for the Plaintiff herein, choosing instead to terminate Plaintiff's employment.

66. The acts and omissions alleged in this Complaint were taken by employees, officers, and/or agents of Defendant, within the scope of authority of those employees, officers, and/or agents, and therefore were the actions and omissions of Defendant.

67. As a result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses as well as mental anguish, emotional distress, pain and suffering, and harm to his reputation.

68. Defendant's acts or omissions were intentional, malicious and were recklessly indifferent to the Plaintiff's federally protected rights as an individual with a disability.

69. Because of the Defendant's actions, Plaintiff had to retain counsel and is entitled to recover her attorney's fees and costs associated with this suit.

70. All conditions precedent for the filing of this claim have been performed or have occurred.

71. As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, its agents and/or employees described herein, including discriminatory failure to provide reasonable accommodations and discharge of the Plaintiff's employment, the Plaintiff suffers injury, and continues to suffer injury, including, but not limited to, past and future loss of income and other employment benefits, aggravation of his physical condition, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and costs associated with obtaining

reemployment, embarrassment, damage to her reputation and other past and future pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

    A.    Enter judgment for Plaintiff and against Defendant;

    B.    Award Plaintiff special, and general damages in the amount shown to be due for Defendant's wrongful conduct;

    C.    Award Plaintiff any actual and compensatory damages based on Defendants' wrongful conduct;

    D.    Award Plaintiff reasonable attorney's fees, costs, and expenses of suit;

    E.    Enjoin the Defendant from engaging in further discriminatory behavior; and

    F.    Grant such other and further relief as this Court deems equitable and just.

## PLAINTIFF DEMANDS A TRIAL BY JURY

## COUNT II

## ADA VIOLATION- RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION

72. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully set forth herein.

73. Plaintiff is and was at all times material hereto, a qualified "individual with a disability" within the meaning of 42 U.S.C. §§ 12201 et. seq.

74. Defendant was at all times material hereto, an employer subject to the ADA. 42 U.S.C. § 12111.

75. Under the ADA, Defendant has a duty to make reasonable accommodations in policies, practices, or procedures in order to avoid discriminating against Plaintiff on the basis of his disability.

76. Plaintiff requested reasonable accommodations to Defendant's leave policy.

77. Instead of providing the requested reasonable accommodations, Defendant retaliated against Plaintiff for requesting reasonable accommodations by firing her.

78. Plaintiff was a qualified and well performing employee, thus Defendant lacked justification to fire her at that time.

79. Rather than engage in the time and effort it would have taken to discuss and provide Plaintiff's requested accommodations, Defendant instead fired Plaintiff so it would not have to deal with Plaintiff's disability and request for accommodations.

80. Alternatively, Plaintiff's request for accommodation was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

81. Defendant's conduct as described above was unlawful retaliation under the ADA.

82. Specifically, Defendants' retaliatory conduct is an express violation of the ADA. 42 U.S.C. §12203.

83. Defendant's acts or omissions were intentional, malicious and were recklessly indifferent to the Plaintiff's federally protected rights as an individual with a disability.

84. All conditions precedent for filing this claim have occurred or been performed.

85. Because of the Defendant's actions, Plaintiff had to retain counsel and is entitled to recover his attorney's fees and costs associated with this suit.

86. As a direct and proximate result of the intentional discriminatory acts and practices of the Defendants, their agents and/or employees described herein, including discriminatory failure to provide reasonable accommodations and retaliatory discharge of the Plaintiff's employment, the Plaintiff suffers injury, and continues to suffer injury, including, but not limited to, past and future loss of income and other employment benefits, aggravation of his physical condition, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and costs associated with obtaining reemployment, embarrassment, damage to her reputation and other past and future pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

    A. Enter judgment for Plaintiff and against Defendant;

    B. Award Plaintiff special, and general damages in the amount shown to be due for Defendant's wrongful conduct;

    C. Award Plaintiff any actual and compensatory damages based on Defendants' wrongful conduct;

    D. Award Plaintiff reasonable attorney's fees, costs, and expenses of suit;

    E. Enjoin the Defendant from engaging in further discriminatory behavior;

    F. Reinstate Plaintiff to her former position, with all the same rights, benefits, privileges, and seniority she enjoyed before she was terminated; and

    G. Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## COUNT III

## ADA VIOLATION- DISCRIMINATION ON THE BASIS OF DISABILITY

11

87. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully set forth herein.

88. Defendant, at all times material herein, was aware that Plaintiff was suffering an impairment that substantially limits one or more major life activity.

89. Defendant took negative employment action against Plaintiff because of Plaintiff's disability.

90. Defendant was at all times relevant herein, an employer subject to the ADA. 42 U.S.C. § 1211.

91. At all times material herein, Plaintiff was qualified for, and capable of performing the essential functions of his position with Defendant with, or without accommodation.

92. Throughout Plaintiff's employment with Defendant, Plaintiff performed satisfactorily, or better.

93. Nevertheless, Defendant terminated Plaintiff because of her disability.

94. Alternatively, Plaintiff's disability was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

95. Defendant had no adequate justification for its conduct described above, but instead, its actions were taken because of bias against Plaintiff and her disability.

96. Defendant's acts or omissions were intentional, malicious and were recklessly indifferent to the Plaintiff's federally protected rights as an individual with a disability.

97. All conditions precedent for filing this claim have occurred or been performed.

98. Because of the Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover his attorney's fees and costs associated with this suit.

99. As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, its agents and/or employees described herein, including Defendant's disparate treatment of Plaintiff, the Plaintiff suffers injury, and continues to suffer injury, including, but not limited to, past and future loss of income and other employment benefits, aggravation of his physical condition, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and costs associated with obtaining reemployment, embarrassment, damage to her reputation and other past and future pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

   A. Enter judgment for Plaintiff and against Defendant;

   B. Award Plaintiff special and general damages in the amount shown to be due for Defendant's wrongful conduct;

   C. Award Plaintiff any actual and compensatory damages based on Defendants' wrongful conduct;

   D. Award Plaintiff reasonable attorney's fees, costs, and expenses of suit;

   E. Enjoin the Defendant from engaging in further discriminatory behavior;

   F. Reinstate Plaintiff to her former position, with all the same rights, benefits, privileges, and seniority she enjoyed before she was terminated; and

   G. Grant such other and further relief as this Court deems equitable and just.

### PLAINTIFF DEMANDS A TRIAL BY JURY

### COUNT IV

### ADA VIOLATION- HOSTILE WORK ENVIRONMENT

13

100. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully set forth herein.

101. Defendant was at all times relevant herein, an employer subject to the ADA. 42 U.S.C. § 1211.

102. At all times material herein, Plaintiff was qualified for, and capable of performing the essential functions of her position with Defendant with, or without accommodation.

103. Throughout Plaintiff's employment with Defendant, Plaintiff performed satisfactorily, or better.

104. Despite Plaintiff's qualifications and satisfactory performance, Defendant, through its agents, routinely harassed and belittled Plaintiff because of her disability.

105. Specifically, after learning of Plaintiff's disability, Ms. Mahler engaged in repeated efforts to harass Plaintiff, including but not limited to:

   a. Writing up a PIP based on an unstated policy;

   b. Forcing Plaintiff to use her own leave time after her stepson had tested positive for COVID;

   c. Harassing Plaintiff for driving around town while she "quarantined" after her stepson's diagnosis;

   d. Requesting Plaintiff work from home when she was severely ill with COVID; and

   e. Failing or refusing to provide Plaintiff with FMLA paperwork after she requested it in September 2021.

106. Defendant's conduct created a severe and pervasive hostile environment.

107. Defendant's acts or omissions were intentional, malicious and were recklessly indifferent to the Plaintiff's federally protected rights as an individual with a disability.

108. Because of the Defendant's actions, Plaintiff had to retain counsel and is entitled to recover her attorney's fees and costs associated with this suit.

109. As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, its agents and/or employees described herein, including creating and maintaining a hostile work environment, Plaintiff suffers injury, and continues to suffer injury, including, but not limited to, past and future loss of income and other employment benefits, aggravation of his physical condition, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life and costs associated with obtaining reemployment, embarrassment, damage to her reputation and other past and future pecuniary losses.

110. All conditions precedent for the filing of this suit have been performed or occurred.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

    A. Enter judgment for Plaintiff and against Defendants on all Counts;

    B. Award Plaintiff special and general damages in the amount shown to be due for Defendant's wrongful conduct;

    C. Award Plaintiff any actual and compensatory damages based on Defendants' wrongful conduct;

    D. Award Plaintiff reasonable attorney's fees, costs, and expenses of suit;

    E. Enjoin the Defendant from engaging in further discriminatory behavior; and

    F. Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

## COUNT V

## FMLA INTERFERENCE

111. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully set forth herein.

112. Plaintiff was, at all times relevant, an employee of Defendant, and as such, was entitled to take leave under the FMLA due to her prolonged illness in September 2021.

113. Defendant was at all relevant times subject to the requirements of the FMLA.

114. Pursuant 29 C.F.R. § 825.113, FMLA leave can be provided to an employee who, in addition to meeting the other criteria, suffers from a "serious health condition." For the purpose of that section, a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves inpatient care as defined in § 825.114 OR continuing treatment by a health care provider pursuant to § 825.115 (emphasis added).

115. Plaintiff's illness in September 2021 falls within the meaning of "serious health condition" as defined by § 825.113 and, therefore, she was entitled to FMLA leave.

116. Defendant through its duly authorized agents and employees, who acted on behalf of the Defendant within the scope of their employment, intentionally interfered with Plaintiff's rights as protected under the FMLA, specifically Defendant failed to provide Plaintiff with FMLA paperwork, failed to notify her of her rights under the FMLA, or otherwise prevented her from making a request for FMLA leave.

117. Plaintiff had plenty of FMLA leave available.

118. As a result of the unlawful acts of the Defendant, the Plaintiff has suffered damages. Additionally, she is entitled to lost wages and an equal amount of liquidated damages.

119. Because of the Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorney's fees and costs associated with this suit.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Award money damages for lost wages in an amount to be proved at trial (back pay and front pay), plus an equal amount of liquidated damages;

B. Order that Defendant reinstate Plaintiff to her same position/job; the same or substantially the same position, shift, and the same days off; and the same status that she had at the time when she first became eligible for Family Medical Leave.

C. Declare that Defendant violated the FMLA when it denied Plaintiff's rights as outlined above, including but not limited to the Defendants failing to notify Plaintiff of her rights under the FMLA;

E. Award Plaintiff's attorney fees and costs incurred herein; and

F. Grant other such relief as this Court deems equitable and just

**PLAINTIFF DEMANDS A TRIAL BY JURY**

### COUNT VI

### FMLA-RETALIATION

120. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-four (54) above as if fully set forth herein.

121. Plaintiff was, at all times relevant, an employee of Defendant, and as such, was entitled to take leave under the FMLA due to her prolonged illness in September 2021.

122. Defendant was at all relevant times subject to the requirements of the FMLA.

123. Pursuant 29 C.F.R. § 825.113, FMLA leave can be provided to an employee who, in addition to meeting the other criteria, suffers from a "serious health condition." For the purpose of that section, a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves inpatient care as defined in § 825.114 <u>OR</u> continuing treatment by a health care provider pursuant to § 825.115 (emphasis added).

124. Plaintiff's illness in September 2021 falls within the meaning of "serious health condition" as defined by § 825.113 and, therefore, she was entitled to FMLA leave.

125. Plaintiff made a valid FMLA inquiry to Defendant on or about September 23, 2021.

126. Defendant received or was otherwise aware of Plaintiff's inquiry.

127. Instead of informing Plaintiff of her FMLA rights and providing her with the paperwork, Defendant terminated Plaintiff's employment just eight business days later.

128. Defendant terminated Plaintiff's employment because she requested FMLA leave.

129. Alternatively, Plaintiff's FMLA request was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

130. As a result of the unlawful acts of the Defendant, the Plaintiff has suffered damages. Additionally, she is entitled to lost wages and an equal amount of liquidated damages.

131. Because of the Defendant's actions, the Plaintiff had to retain counsel and is entitled to recover her attorney's fees and costs associated with this suit.

**WHEREFORE**, Plaintiff prays this Honorable Court:

 A. Award Plaintiff money damages for lost wages in an amount to be proved at trial (back pay and front pay), plus an equal amount of liquidated damages;

B. Order that Defendant reinstate Plaintiff to her same position/job; the same or substantially the same position, shift, and the same days off; and the same status that she had at the time when he first became eligible for Family Medical Leave;

C. Declaratory judgment that the defendants violated FMLA when it denied plaintiff's rights as outlined above, including but not limited to the Defendants failing to notify Plaintiff of her rights under the FMLA;

D. Award Plaintiff's attorney fees and costs incurred herein; and

E. Grant other such relief as this Court deems equitable and just

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED September 14, 2022.

Respectfully submitted,

/s/ Jeremiah J. Talbott
Jeremiah J. Talbott, Esq.
FL Bar No.: 015484
Law Office of J.J. Talbott
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jj@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*