UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

SHANNON JOHNSON,   CASE NO.: 3:22-CV-17910-MCR-HTC

    Plaintiff,

v.

GINGER MADDEN, IN HER OFFICIAL
CAPACITY AS STATE'S ATTORNEY,
FLORIDA FIRST JUDICIAL CIRCUIT,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COUNTS VI-VIII OF PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant, GINGER MADDEN, IN HER OFFICIAL CAPACITY AS STATE'S ATTORNEY, FLORIDA FIRST JUDICIAL CIRCUIT, (hereinafter "MADDEN"), by and through undersigned counsel, and files this, Defendant's Motion to Dismiss Counts VI-VIII of Plaintiff's First Amended Complaint and states as follows:

## BACKGROUND

1. Plaintiff, Shannon Jonson, has brought an eight-count First Amended Complaint against Defendant, MADDEN.

2. Counts VI-VIII of Plaintiff's First Amended Complaint attempt to state claims for declaratory and injunctive relief under the Family Medical Leave Act (FMLA). More specifically, Count VI of Plaintiff's First Amended Complaint

is for FMLA Interference, while Counts VII and VIII of Plaintiff's Amended Complaint attempt to set forth claims under two different theories of FMLA Retaliation.

3. Significantly, Plaintiff's claims are predicated on alleged violations of the self-care provisions of FMLA.

4. For reasons expressed more fully below, Counts VI-VIII of Plaintiff's First Amended Complaint should be dismissed as those counts are barred by Eleventh Amendment Immunity.

**MEMORANDUM OF LAW**

**MOTION TO DISMISS STANDARD**

Counts VI-VIII of Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard set forth in Fed. R. Civ. P. Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." Twombly, 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id, at 557, 127 S.Ct. 1955. Ashcroft v. Iqbal, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Twombly., at 570, 127 S.Ct. 1955. As noted by the Supreme Court in Ashcroft, there are two working principles that underlie the Supreme Court's decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Additionally, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft, 556 U.S. 662, 678 citing Twombly., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation." "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft, 556 U.S. at 678. The Ashcroft Court further noted that only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 679. "Determining whether a

3

complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.  However, the Ashcroft Court also noted that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Id. at 679, citing Federal Rule Civil Procedure 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

The Ashcroft Court added that [i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Ashcroft, 556 U.S. at 679. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id.

**COUNTS VI-VIII OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED AS DEFENDANT IS IMMUNE FROM SUITS UNDER THE FAMILY MEDICAL LEAVE ACT**

Defendant is entitled to Eleventh Amendment Immunity from suits under the Family Medical Leave Act and therefore Counts VI-VIII of Plaintiff's Amended Complaint should be dismissed. In Coleman v. Court of Appeals of Maryland, 132

S.Ct. 1327, 1338 (2012), the United States Supreme Court held that Congress did not validly abrogate the states' Eleventh Amendment immunity from suits for damages in enacting FMLA's self-care provision. The Eleventh Circuit has also held that the FMLA's self-care provision did not validly abrogate the states' sovereign immunity. Garrett v. Univ. of Alabama at Birmingham Bd. of Trustees, 193 F.3d 1214, 1219 (11th Cir. 1999), reversed in part on other grounds, 121 S.Ct. 955 (2001); Batchelor v. South Florida Water Mgmt. Dist., 242 F. App'x 652, 653 (11th Cir. 2007).

Federal District Courts apply this consistently. See, e.g.: Cotora v. Lee County, 2012 WL 2996550 at 3 (S.D. Fla. 2012) (dismissing FMLA self-care retaliation claims due to sovereign immunity); Ross v. Rundle, 2021 WL 9098097 at 3 (S.D. Fla. 2021) (dismissing FMLA claim due to sovereign immunity); Marsey v. State Bd. of Admin. Of Florida, 2021 WL 5480710 at 8 (N.D. Fla. 2021).

Presumably, Plaintiff will argue that because she is only seeking injunctive and declaratory relief against Defendant in Counts VI-VIII of the First Amended Complaint, her claims are not barred by Eleventh Amendment immunity. However, Plaintiff can only bring her claims for injunctive relief under FMLA here if her claims fall within an exception to the Eleventh Amendment immunity afforded Defendant. As Plaintiff's claims do not fall within an exception to the

Eleventh Amendment immunity afforded the Defendant, Counts VI-VIII of Plaintiff's First Amended Complaint should be dismissed.

A claim against Ginger Madden, in her official capacity as State's Attorney, for the First Judicial Circuit, is actually a claim asserted against the State of Florida, the real, substantial party in interest; thus, the claim will be barred by the Eleventh Amendment unless an exception applies. *Johnson v. Crosby*, No. 5:06CV92-RS-MD, 2006 WL 8450964, at *5 (N.D. Fla. Oct. 12, 2006). There are three exceptions to Eleventh Amendment immunity. The first two exceptions are predicated on either a waiver of sovereign immunity or Congressional abrogation of a State's Eleventh Amendment immunity. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985); *Gamble v. Florida Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). In the *instant case*, there has no been waiver or Congressional abrogation of the State's Eleventh Amendment immunity and thus neither of the first two exceptions apply.

A third exception is found under *Ex parte Young*, 209 U.S. 123 (1908). The *Ex parte Young* exception provides that a state official who enforces state law which conflicts with the superior authority of the federal Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Id.* at 159-60. *See also Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). Determining

whether this exception applies requires answering a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* at 255 (citations omitted); *see Newbold v. Santana*, No. 4:19CV26-WS/CAS, 2020 WL 853910, at *8–9 (N.D. Fla. Jan. 8, 2020) (holding *Ex Parte Young* exception for injunctive relief did not apply in suit against Florida Department of Corrections official where plaintiff did not properly plead ongoing violations).

The Supreme Court's decision in *Ex Parte Young* provides a narrow exception to Eleventh Amendment immunity to permit a suit against a state official for prospective injunctive relief to remedy a continuing violation of federal law. *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997); *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Services*, 225 F.3d 1208, 1219 (11th Cir. 2000). Significantly, the availability of the *Ex Parte Young* exception turns on whether the plaintiff seeks retrospective or prospective relief. *Fla. Ass'n of Rehab. Facilities, Inc.,* 225 F.3d at 1219. "Prospective relief is designed to avoid future harm." *Luckey v. Harris*, 860 F.2d 1012, 1017 (11th Cir. 1988) (citing *Swifte & Co. v. United States*, 276 U.S. 311, 326 (1928). The Eleventh Amendment, therefore, generally does not bar the exercise of the judicial power of the Federal Courts where a plaintiff seeks to compel a state officer to comply with federal law. *Ex parte Young*, 209 U.S. at 158- 59. "Remedies designed to end a

7

continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).

Significantly the United States Supreme Court has stated that "*Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation." *Id.* at 277-78. Significantly, the Supreme Court has made clear that a plaintiff may not use the doctrine to adjudicate the legality of past conduct. *See id*.

As stated above, to determine whether the doctrine of *Ex parte Young* applies, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citations omitted).

CASE NO.:  3:22-CV-17910-MCR-HTC

Significantly, several Courts have held that conclusory allegations or requests for injunctive relief are insufficient to invoke the *Ex Parte Young* exception. *See e.g., Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (per curium) ("Conclusory statements are insufficient to plead a claim, and they do not establish jurisdiction under the *Ex Parte Young* exception."); I*zmirligil v. Whelan,* 2015 WL 5024642, at *3 (E.D.N.Y. Aug. 25, 2015), *aff'd,* 668 F. App'x 389 (2d Cir. 2016).

In the *instant case*, the allegations in Plaintiff's First Amended Complaint are insufficient to bring her claims within the *Ex Parte Young* exception, and thus the claims should be dismissed based on Eleventh Amendment immunity. It is clear from the allegations in Plaintiff's First Amended Complaint that Plaintiff is attempting to litigate the legality of Defendant's alleged past conduct. More specifically, Plaintiff alleges that Madden violated the self-care provisions of FMLA in the past by terminating Plaintiff's employment. There are no allegations regarding an ongoing violation of federal law.

## **CONCLUSION**

For the reasons expressed above, Counts VI-VIII Plaintiff's Amended Complaint should be dismissed. Defendant is entitled to Eleventh Amendment immunity with regard to Plaintiff's claims under the self-care provisions of FMLA. Congress has not abrogated the State's sovereign immunity and the State of Florida

has not waived its Eleventh Amendment immunity with regard to FMLA's self-care provisions. Additionally, while Plaintiff seeks injunctive and declaratory relief with regard to her FMLA claims, her allegations are insufficient to bring her claims within the *Ex Parte Young* exception to sovereign immunity and consequently, dismissal is appropriate.

**Defendant's Counsel certifies that the pertinent parts of this motion do not exceed 2178 words**.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing is being served via e-mail through the CME/ECF Filing System to: **Jeremiah J. Talbott, Esq.,** Law Office of J.J. Talbott, 900 East Moreno Street, Pensacola, FL 32503; civilfilings@talbottlawfirm.com; paralegal3@talbottlawfirm.com; mark@talbottlawfirm.com; ryan@talbottlawfirm.com; travis@talbottlawfirm.com; jj@talbottlawfirm.com; legal3@talbottlawfirm.com; this **5th day of December, 2022.**

        Counsel for Defendant, GINGER MADDEN
        Walton Lantaff Schroeder & Carson LLP
        6700 North Andrews Avenue, Suite 404
        Fort Lauderdale, FL  33309
        Telephone: (954) 463-8456
        Facsimile:  (786) 693-8333

By:    */s/ John P. Joy*
        JOHN P. JOY, ESQUIRE
        FLORIDA BAR NO.: 327018
        Primary Email: jjoy@waltonlantaff.com
        Secondary Email: dingram@waltonlantaff.com