UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHANNON JOHNSON,

    Plaintiff,

v.                    CASE NO. 3:22cv17910-MCR-HTC

GINGER MADDEN
IN HER OFFICIAL CAPACITY AS
STATE'S ATTORNEY,
FLA FIRST JUDICIAL CIRCUIT,

    Defendant.
_____/

## ORDER

Plaintiff Shannon Johnson brought this suit against Defendant Ginger Madden, in her official capacity as State's Attorney for Florida's First Judicial Circuit, pursuant to the Florida Civil Rights Act ("FCRA"), Fla. Stat. §760.10-670.11, and the Family and Medical Leave Act ("FMLA"), U.S.C. § 2601, *et seq*. Pending is Defendant's to dismiss the FMLA counts (Counts VI—VIII) on Eleventh Amendment immunity grounds.[1]  ECF No. 15.  Having fully reviewed the matter, the motion is denied.

---

[1] While the motion to dismiss invokes the Rule 12(b)(6) standard, Eleventh Amendment immunity implicates the Court's jurisdiction and thus is more accurately raised within Rule 12(b)(1).  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72–73 (1996)  ("The Eleventh Amendment restricts the judicial power under Article III"); *Wayne v. Fla. Dept. of Corrections*, 157 F. Supp. 3d 1202, 1204 (S.D. Fla. 2016) (citing *Seaborn v. Florida*, 143 F.3d 1405, 1407 (11th Cir. 1998), and finding Eleventh Amendment immunity a threshold issue in the FMLA context).  This is a distinction without a difference in the instant case, however, because Defendant presents

I.      **Background**

The following facts are taken from the First Amended Complaint and assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).  Plaintiff Shannon Johnson worked for Defendant Ginger Madden, in her official capacity as State Attorney for Florida's First Judicial Circuit ("State Attorney"), as a full-time legal secretary from April 2019 through October 2021.  During this time, Johnson experienced multiple medical conditions; initially, she suffered from illnesses related to digestive issues and anxiety.[2]  Johnson's digestive issues lasted from April 2019 to March 2021, and caused her to need occasional medical leave, for which she used accrued leave time.  The State Attorney's internal leave policy recommended maintaining a 20-hour annual leave balance, and Johnson complied.  But on March 22, 2021, Johnson requested FMLA paperwork from the State Attorney's Human Resources Director Stacey Mahler, in relation to her ongoing conditions.  After making this request, Johnson was placed on a performance improvement plan ("PIP") "for excessive

---

a facial jurisdictional challenge, so no facts outside the Amended Complaint are asserted.  A facial jurisdictional challenge essentially functions as a Rule 12(b)(6) motion—that is, the well-pled allegations are accepted as true.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) ("On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true.").

[2] Johnson alleges that she suffered anxiety and dyspepsia throughout her employment as well as digestive issues of Ulcerative Colitis, Chron's Disease, and Irritable Bowel Syndrome, which amplified her anxiety.  She later also suffered COVID-related infirmities that exacerbated both conditions.

absenteeism and abuse of leave" time for her failure to maintain a leave balance of 40 hours, which Johnson alleges was not previously required. ECF No. 11 at ¶28. According to the Complaint, the PIP required her "to improve under this never known leave and attendance policy" by accumulating and maintaining a 40-hour leave balance within 90-days. *Id.* at ¶30. Johnson quickly accumulated the newly mandated leave balance to bring herself within compliance.

On August 27, 2021, Johnson contracted COVID and became severely ill, which amplified her preexisting anxiety and dyspepsia. Although she was cleared to return to work on September 16, 2021, lingering symptoms prevented her return at that time. When Johnson returned on September 20, so too did her symptoms. Her doctor advised that she remain home for an additional week due to "Long COVID" and shingles and provided Johnson a medical work excuse note, which she promptly provided.. On September 23, 2021, Johnson returned to work and requested FMLA paperwork to address her lingering Long COVID symptoms. Johnson alleges that Human Resources did not provide the requested paperwork, and instead, on October 5, 2021, after two weeks of working "through her illness in extreme pain and discomfort," she received a termination letter.

Johnson filed a charge of discrimination with the Florida Commission on Human Relations and brought suit after receiving a "reasonable cause" determination letter. ECF No. 11 at 47. The eight-count Amended Complaint

asserts claims of failure to accommodate, retaliation, and discrimination under the FCRA, seeking damages (Counts I-V), and interference and retaliation in violation of the FMLA's "self-care provision,"[3] seeking reinstatement and declaratory relief (Counts VI—VIII).  ECF No. 11.  In response, the State Attorney moved to dismiss the FMLA counts, arguing that Congress has not validly waived the state's Eleventh Amendment immunity for purposes of the self-care provisions, citing *Coleman v. Ct. of App. of Md.,* 566 U.S. 30, 33 (2012) (plurality opinion).  Johnson opposes the motion, arguing that because she seeks only reinstatement, her claims fall within the *Ex parte Young*[4] exception to Eleventh Amendment immunity; and alternatively, she requests leave to amend pursuant to Fed R. Civ. P. 15(a).

## II.   Discussion

Under the FMLA, eligible employees are entitled to take up to 12 weeks of leave for various forms of "family care" and "self care" that arise due to personal medical needs.  29 U.S.C. § 2612(a). The FMLA also provides a private right of action for aggrieved individuals to seek money damages and equitable relief.  29 U.S.C. § 2617(a)(2).  Reinstatement is a form of equitable relief for which an employer may be liable under the FMLA. *See id.* § 2617(a)(1).

---

[3] FMLA's self-care provision, 29 U.S.C. § 2612(a)(1)(D), "requires employers, including state employers, to grant unpaid leave for self care for" an "employee's own serious health condition when the condition interferes with the employee's ability to perform at work. *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 33-34 (2012).

[4] 209 U.S. 123 (1908).

The Eleventh Amendment bars private suits for money damages against state officials "in their official capacity 'when the state is the real, substantial party in interest.'" *Lane v. Cent. Ala. Cmty. Coll.*, 772 F.3d 1349, 1351 (2014) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 (1984)).  The Supreme Court has held that Congress validly abrogated state sovereign immunity when it enacted the family care provisions of the FMLA, allowing individuals to sue for damages.  *See Nevada Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721 (2003).  However, Congress did not validly abrogate state sovereign immunity as to the self-care provision of the FMLA.  *Coleman,* 566 U.S. at 33.  As a result, the Eleventh Amendment continues to bar self-care FMLA suits for damages against a state official.

A long-standing exception to Eleventh Amendment immunity exists, however, in *Ex parte Young*, 209 U.S. 123 (1908).  This doctrine allows suit in federal court against a state official if the plaintiff seeks only "*prospective* equitable relief to end *continuing* violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (emphasis in original); *see also Verizon Maryland, Inc. v. Public Service Comm. of Md.*, 535 U.S. 635, 645 (2002) (characterizing the analysis as a "straightforward inquiry" requiring allegations of an ongoing violation of federal law and seeking relief "properly characterized as prospective").

The State Attorney argues that the *Ex parte Young* exception does not apply to Johnson's suit because she has not alleged an ongoing violation and is instead attempting to improperly litigate the legality of alleged past conduct.  The Court disagrees.  In her FMLA claims, Johnson plainly has alleged that her employment was terminated in violation of the FMLA and that she seeks reinstatement of her employment, not damages. Reinstatement is expressly allowed under the FMLA, and the Eleventh Circuit has repeatedly held that reinstatement is prospective relief that fits squarely within the *Ex parte Young* doctrine.  See *Lane*, 772 F.3d at 1351 ("We have determined previously that requests for reinstatement constitute prospective injunctive relief that fall within the scope of the *Ex parte Young* exception and, thus, are not barred by the Eleventh Amendment."); *Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995) (same); *Lassiter v. Alabama A & M Univ., Bd. of Trustees*, 3 F.3d 1482, 1485 (11th Cir. 1993) (same), *vacated on other grounds*, 28 F.3d 1146 (11th Cir. 1994).  Other circuits agree.  *See, e.g., Nelson v. Univ. of Texas at Dallas,* 535 F.3d 318, 322 (5th Cir. 2008) (stating in the FMLA context, and collecting cases generally, that reinstatement is an acceptable form of prospective relief under *Ex parte Young*); *State Emps. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 96 (2d Cir. 2007) (noting that every circuit "has held that claims for reinstatement to previous employment satisfy the *Ex parte Young* exception," and citing cases), *cited*

in *Hollywood Mobile Ests. Ltd. v. Cypress,* 415 F. App'x 207, 209 (11th Cir. 2011). In fact, reinstatement has been characterized as the "quintessential form of prospective relief," *Cobb v. Alabama*, No. 2:10cv502-MHT, 2011 WL 3666696, at *3 (M.D. Ala. Aug. 22, 2011) (FMLA context, citing *Pryor*, 180 F.3d at 1338), and this conclusion is compelled by "[b]oth logic and this solid wall of precedent," *Boglin v. Bd. of Trs. of Ala. Agric. & Mech.*, 290 F. Supp. 3d 1257 (N.D. Ala. 2018).[5]

The State Attorney's conclusory argument essentially runs roughshod over nearly three decades of Eleventh Circuit precedent and surprisingly fails to address, distinguish, or even acknowledge this line of authority. While the *Ex parte Young* exception is not without limitation, *i.e.*, it is not triggered if the requested "prospective relief is the functional equivalent of money damages," *Pryor*, 180 F.3d at 1337, or if the relief requested implicates special state sovereignty interests, *see Lane*, 772 F.3d at 1351, the State Attorney has not argued that any such limitation applies.[6] Instead, the State Attorney argues in a conclusory manner that no ongoing federal violation is alleged, which simply ignores the nature of Johnson's

---

[5] The Court notes also that the dissenting opinion in *Coleman* acknowledged that despite the plurality's opinion—that Eleventh Amendment immunity bars damage suits against state officials under the FMLA self-care provision—the ruling did not preclude an injured employee from seeking injunctive relief against the responsible state official. *See Coleman*, 566 U.S. at 64–65 (Ginsburg, J. dissenting).

[6] Nor does the State Attorney argue that Johnson's position has been eliminated. But even if Johnson's position had been eliminated, there is authority for the argument that in the context of state employment, a plaintiff continues to suffer "ongoing harm based on the State's present, ongoing failure to re-create" the position "or to restore plaintiff[] to [an]other existing position[]." *Rowland*, 494 F.3d at 96-97.

allegations. A public employee wrongfully terminated in violation of the FMLA "continues to experience the effects of that termination because she is being denied the benefits of a public job." *Book v. Dep't of Econ. Dev.*, No. 4:21-cv-81, 2021 WL 5150072, at *3 (M.D. Ga. Nov. 4, 2021) (citing *Lane*, 772 F.3d at 1351). Wrongful discharge is a continuing violation, and, despite relating to a past violation, reinstatement serves to end that ongoing violation and thus is "forward-looking" relief. *Rowland*, 494 F.3d at 96–97. The argument that Johnson's corresponding request for declaratory judgment seeks only to adjudicate a past violation similarly fails in the face of this alleged ongoing violation and Johnson's request for reinstatement. *See Pryor*, 180 F.3d at 1337 (stating the Eleventh Amendment does not prohibit suits "seeking only prospective injunctive or declaratory relief") (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985)).

Accordingly, Defendant's Motion to Dismiss Counts VI–VIII of Plaintiff's First Amended Complaint, ECF No. 15, is **DENIED**.

**DONE AND ORDERED** this 19th day of June 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**